IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **RICKIE A.,**<br><br>　　　　　　**Plaintiff,**<br><br>vs.<br><br>**KILOLO KIJAKAZI,**<br>**Commissioner of Social Security**<br>**Administration,**<br><br>　　　　　　**Defendant.** | Case No. 2:20-cv-00711<br><br><br>MEMORANDUM DECISION<br>& ORDER<br><br><br>Magistrate Judge Dustin B. Pead |

### INTRODUCTION[1]

Pursuant to 42 U.S.C. § 405(g), Plaintiff Rickie A.[2] seeks judicial review of the Commissioner of Social Security's decision denying his claim for disability insurance benefits under Title II of the Social Security Act. After careful review of the administrative record, the parties' briefs and arguments and the relevant law, the undersigned concludes that the

---

[1] The parties in this case consented to United States Magistrate Judge Dustin B. Pead conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. (ECF No. 11.) *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

[2] Based on privacy concerns regarding sensitive personal information, the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. *See* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

1

Commissioner's decision is supported by substantial evidence and free of harmful legal error. Accordingly, as set forth herein, the Commissioner's decision is AFFIRMED.

## BACKGROUND

On December 29, 2017, Plaintiff Rickie A. ("Plaintiff") filed a Title II application for disability benefits under the Social Security Act (the "Act"), alleging a disability onset date of January 2, 2014. (Tr.[3] 172-75, 209.) Plaintiff's last date insured was December 31, 2019.[4] (Tr. 12, 209.) Plaintiff's claim was initially denied on May 22, 2018, and again upon reconsideration on August 24, 2018. (Tr. 37-58, 98.) Thereafter, Plaintiff requested an administrative hearing which was held on December 18, 2019, before Administrative Law Judge ("ALJ") Jason Crowell. (*Id.*);  20 C.F.R. § 404.929 *et seq.*; 20 C.F.R. § 404.936(c).[5]

On January 14, 2020, consistent with the five-step sequential evaluation process, the ALJ issued a written decision ("Decision"). (Tr. 14-28); *See* 20 C.F.R. § 416.920 (describing the five-step evaluation process). At step two, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the cervical and lumbar spine and osteoarthritis of the right knee.

---

[3] Tr. refers to the transcript of the administrative record before the Court.

[4] In order to qualify for disability insurance benefits, a claimant must establish a disability on or before his date last insured. *See* 20 C.F.R. §§ 404.101, 404.120, 404.315; *see also Potter v Sec'y of Health & Human Servs.,* 905 F.2d 1346, 1348-49 (10th Cir. 1990) ("the relevant analysis is whether the claimant was actually *disabled* prior to the expiration of her insured status" (emphasis in original)).

[5] Except where otherwise indicated, all references to the Code of Federal Regulations (C.F.R.) are to the 2019 edition in effect at the time of the ALJ's decision.

2

*See* 20 C.F.R. § 404.1520(c). After determining that Plaintiff's impairments did not meet or equal a listed impairment, *see* 20 C.F.R. § 404, Subp P. Appx 1, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform "sedentary work" as defined in 20 C.F.R. § 404.1567(a) and found that Plaintiff could:

> [o]ccasionally climb, balance, stoop, kneel, crouch, and crawl. He can occasionally reach overhead bilaterally. He can frequently handle, finger and feel bilaterally. He must avoid concentrated exposure to hazards.

(Tr. 13.) At step four, the ALJ found that Plaintiff was unable to perform his past relevant work as a truck supervisor, tractor trailer truck driver, structural steel worker and floor layer but could perform the requirements of representative occupations such as document preparer, addresser and callout operator. (Tr. 20-21); *see* 20 C.F.R. §§ 404.1569, 404.1569(a)). Based thereon, the ALJ denied Plaintiff's application for disability benefits finding that he was not disabled under the Act.

On August 18, 2020, the Appeals Council denied Plaintiff's request, making the ALJ's Decision the Commissioner's final Decision for purposes of review. (Tr. 1-3); 20 C.F.R. § 404.981. Plaintiff's October 14, 2020, appeal to this court followed. (ECF No. 3); *See* 42 U.S.C. § 405(g).

## **STANDARD OF REVIEW**

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). In conducting its

review, the Court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Hendron v. Colvin,* 767 F. 3d 951, 954 (10th Cir. 2014).

Substantial evidence review is deferential, and the agency's factual findings are considered "conclusive" if they "are supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153, 203 L. Ed. 2d 504, 508 (2019) (*quoting* 42 U.S.C. § 405(g)). As the Supreme Court recently confirmed, the substantial evidence threshold "is not high" and deference should be given to the presiding ALJ "who has seen the hearing up close." *Id.* at 1154, 1157. Substantial evidence is defined as "more than a mere scintilla" and "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1154 (internal quotation omitted).

## DISCUSSION[6]

On appeal, Plaintiff mounts two main challenges. First, Plaintiff argues that the RFC is not supported by substantial evidence because the ALJ failed to properly consider several medical opinions. Second, Plaintiff asserts the ALJ failed to account for his self-reported symptoms and the limiting effects of his impairments. Both of these challenges are addressed herein.

---

[6] Because Plaintiff only applied for disability insurance benefits, this case involves the period between Plaintiff's January 2014 alleged onset of disability and his December 2019 date last insured. *See* 20 C.F.R. §§ 404.101, 404.120, 404.315; *see also Potter v. Sec'y of Health & Human Servs.,* 905 F.2d 1346, 1348-49 (10th Cir. 1990) ("the relevant analysis is whether the claimant was actually *disabled* prior to the expiration of her insured status" (emphasis in original)).

I. **The ALJ's Decision Reflects Proper Consideration Of The Medical Opinions.**

Plaintiff challenges the ALJ's assessment of medical opinions authored by Dr. Lynn Gaufin ("Dr. Gaufin"), Mathew Badger, N.P. ("Nurse Badger") and Travis Felix, DPT ("Mr. Felix"). However, as discussed below, Plaintiff fails to establish that the ALJ erred in his evaluations. To the contrary, the ALJ properly reviewed and considered the persuasiveness, supportability and consistency of the cited medical opinions in the context of the applicable revised regulatory scheme. *See* 20 C.F.R. § 404.1529; SSR 16-3p.[7]

1. **Dr. Gaufin and Nurse Badger[8]**

On appeal, Plaintiff argues the RFC is not supported by substantial evidence because it was improper for the ALJ to "pick and choose" only certain information from Dr. Gaufin's

---

[7] Because Plaintiff filed an application after March 27, 2017, the new regulations for assessing prior administrative medical findings and medical opinions apply. *See e.g.,* 20 C.F.R. § 404.1520(c) (explaining how an adjudicator considers medical opinions for claims filed on or after March 27, 2017); *see also* "Revisions to Rules Regarding the Evaluation of Medical Evidence" 81 Fed. Reg. 62.560.

[8] Plaintiff argues that the ALJ's failure to indicate that both Dr. Gaufin and Nurse Badger filled out Plaintiff's November 30, 2017, questionnaire "calls into question the ALJ's analysis of the consistency of the opinion." (ECF No. 20 at 20.) The ALJ's analysis, however, did not turn on how many medical providers signed the checkbox form and therefore does not affect the ALJ's discussion of that opinion. Further, to the extent it is based on the November questionnaire, the Court's evaluation of Dr. Gaufin's opinion applies to Nurse Badger's opinion as well.

medical reports.

Dr. Gaufin opined that Plaintiff "could sit for one hour and stand and/or walk for two hours but he would have to lie down or recline in an eight-hour workday with the ability to shift positions at will." (Tr. 19; Ex. 9F.) The ALJ, however, found that Dr. Gaufin's opinion was unpersuasive because the limitations assessed were inconsistent with: (1) Dr. Gaufin's treatment notes; (2) the objective results of an August 2017 Functional Capacity Evaluation conducted by Mr. Felix[9]; (3) Dr. Nelson's May 2018 opinion; and (4) prior administrative medical findings. (Tr. 18-19.) Each of these grounds is examined further.

First, because Dr. Gaufin's treatment notes did not support his opinion the ALJ properly concluded that his opinion was unpersuasive. *See* 20 C.F.R. § 404.1520c(c)(1) ("the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."). Indeed, one month prior to providing his opinion Dr. Gaufin observed that Plaintiff had intact coordination, balance, gait and cranial nerves, as well as full strength. (Tr. 19; *see* Tr. 561, 563). Further, Dr. Gaufin's 2016 treatment notes show that Plaintiff exhibited normal gait, coordination and sensation and indicated that epidural steroid injection provided Plaintiff with "100% relief". (Tr. 14; *see* Tr. 575, 577-81, 583, 587-88, 590, 593, 607.)

---

[9] At the bottom of the checkbox form, Dr. Gaufin and Nurse Badger wrote "please refer to FCE" (Tr. 642.) This notation presumably refers to an August 2017 FCE performed by Physical Therapist, Travis Felix. (Tr. 554-59.)

In turn, despite Plaintiff's claim of cherry-picking, the ALJ did consider unfavorable evidence when evaluating Dr. Gaufin's opinion. Specifically, the ALJ acknowledged that Plaintiff had multilevel cervical degenerative disc disease that led to two fusion surgeries which failed to resolve Plaintiff's symptoms. And even though Plaintiff had a positive response to conservative treatment measures, the ALJ limited him to the least demanding level----a reduced range of sedentary work. (Tr. 19; *see* Tr. 539, 546, 617, 774, 822.)

Second, the ALJ properly found Dr. Gaufin's opinion to be unpersuasive because his sitting and standing limitations were inconsistent with the Functional Capacity Examination that Dr. Gaufin's opinion was purportedly based upon. (Tr. 16, 19.) The August 21, 2017, Functional Capacity Examination performed by Mr. Felix, showed that Plaintiff had full range of motion in his low back, was able to maintain a single leg stance on each leg, could walk on heels and toes without weakness, could squat with assistance and had normal reflexes. (Tr. 554-59.) Conversely, Dr. Gaufin opined that Plaintiff had significantly more restrictive limitations, indicating that Plaintiff could only stand or walk for thirty minutes at one time and for two hours in an eight-hour workday. (Tr. 642.) Thus, under the revised regulations it was appropriate for the ALJ to consider the persuasiveness of Dr. Gaufin's opinion, given the inconsistencies between Dr. Gaufin and Mr. Felix's opinions. *See* 20 C.F.R. § 404.1520c(c)(2).

Third, the ALJ evaluated the differences between Dr. Gaufin and Dr. Nelson's opinions. Dr. Nelson examined Plaintiff in May 2018 and the ALJ found his opinion "partly persuasive" because it was supported by his own observations and objective testing. (Tr. Tr. 764-70, Tr. 18.)

In direct opposition to Dr. Gaufin's opinion that Plaintiff's symptoms would frequently interfere with his attention and concentration, Dr. Nelson observed that Plaintiff's attention and concentration were normal. (Tr. 767.) Further, Dr. Nelson concluded that Plaintiff's ability to ambulate moderate distances, stand for moderate periods of time and to sit, hear, speak, travel or handle light objects was not impacted. (Tr. 770.) Thus, the ALJ properly evaluated the persuasiveness of Dr. Gaufin's opinion based on its inconsistencies with Dr. Nelson's opinion. *See* 20 C.F.R. § 404.1520c(c)(2).

Finally, the ALJ determined that Dr. Gaufin's opinion was inconsistent with prior medical findings. (Tr. 19.) State agency consultants Dr. Kendrick Morrison and Dr. Gregory Stevens both opined that Plaintiff could stand for at least four hours in an eight-hour workday and could perform demands that were consistent with light work. (Tr. 69, 72-74, 92-94.) Because these findings contradicted Dr. Gaufin's opinion, it was reasonable for the ALJ to find Dr. Gaufin's opinion unpersuasive. *See* 20 C.F.R. § 404.1520c(c)(2).

**2. Travis Felix, DPT**

Plaintiff challenges the ALJ's consideration of Mr. Felix's opinion asserting that the ALJ fails to build a logical bridge between the evidence cited and the conclusions drawn. As discussed above, Mr. Feliz opined that Plaintiff could perform light work on a part time basis but did not specify how long Plaintiff could sit or stand or whether he could perform full-time, sedentary work. (Tr. 559.) Conversely, Dr. Gaufin opined that Plaintiff had more restrictive limitations and could only stand or walk for thirty minutes at one time and for two hours in an eight-hour workday. (Tr. 642.)

8

Under the revised regulations, the ALJ was required to consider inconsistencies between Dr. Gaufin and Mr. Felix's opinions. In doing so, it was appropriate for the ALJ to conclude that Mr. Felix's opinion was "well supported" but lacking in information as to the claimant's ability to perform sedentary work and therefore only "partly persuasive." (Tr. 18); *see* 20 C.F.R. § 404.1520c(c)(2).

Overall, in compliance with the revised regulatory scheme, the ALJ provided a reasonable assessment of the medical opinions. *See* 20 C.F.R. § 404.1520c(b)(2). ("The factors of supportability. . . and consistency. . . are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions. . . .") Plaintiff's challenge to Dr. Gaufin, Nurse Badger and Mr. Felix's opinions is based on the assertion that the underlying evidence could have supported a different conclusion. Yet even assuming such assertion is true, it is not a proper basis for remand. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (noting the court "may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (internal quotations and citation omitted)).

## II. The ALJ Properly Considered Inconsistencies Between The Record And Plaintiff's Allegations

Plaintiff argues the RFC fails to properly consider and give weight to Plaintiff's own allegations and reported symptoms.[10] But, in concluding that Plaintiff's allegations are

---

[10] This information was previously referred to as a "credibility assessment". Effective March 28, 2016, SSR 16-3p eliminated the term "credibility" from the agency's sub-regulatory

(continued . . .)

inconsistent with the objective medical evidence, the ALJ identifies valid reasons for discounting Plaintiff's subjective claims. Specifically, the ALJ determined that Plaintiff's claim of neck pain was inconsistent with medical evidence showing intact coordination, balance, gait and cranial nerves as well as full strength. (Tr. 19; Tr. 561, 563.) Additionally, the ALJ found inconsistencies with Plaintiff's symptoms and the relief that Plaintiff reported receiving through treatment and the use of pain medications. (Tr. 15; Tr. 19; Tr. 539, Tr. 546, Tr. 607, Tr. 617, Tr. 774, Tr. 882); *see* 20 C.F.R. § 404.1529(c)(3)(iv) (an ALJ must consider the effectiveness of treatment); *see Diaz v. Sec'y of Health & Human Servs.,* 898 F.2d 774, 777 (10th Cir. 1990) (symptom evaluation "determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence.").

Accordingly, because Plaintiff's reported symptoms were not supported by the medical evidence of record, it was reasonable for the ALJ to discount, or give less weight to, Plaintiff's own allegations. *See Keyes-Zachary v. Astrue,* 695 F.3d 1156, 1172 (10th Cir. 2012) ("The ALJ, however, was free to resolve evidentiary conflicts because there is substantial evidence to support his conclusion.").

## CONCLUSION

The record contains evidence suggesting that Plaintiff experienced greater functional limitations as well as evidence that Plaintiff experienced lesser functional limitations. Under such circumstances the Court is required to defer to the judgment of the agency factfinder, the

---

policy. 2017 WL 5180304. The underlying regulations governing symptom analysis, however, have not changed. *See* 20 C.F.R. §§ 404.1529 and 416.929.

ALJ. *Newbold v. Colvin,* 718 F.3d 1257, 1262 (10th Cir. 2013) (internal quotation marks and citation omitted) (the Court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency.").

Accordingly, for the reasons stated above, the Court affirms the ALJ's reasonable findings as supported by substantial evidence and affirms the Commissioner's decision denying Plaintiff's claim for disability benefits.

**IT IS SO ORDERED**.

DATED this 4th day of October 2021.

_____
DUSTIN B. PEAD
United States Magistrate Judge